PIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **DAVID GENA** ) | |
| ) | **CIVIL ACTION NO.** |
| Plaintiff, ) | |
| ) | **ARBITRATION** |
| v. ) | |
| ) | |
| **MERCANTILE ADJUSTMENT** ) | |
| **BUREAU, LLC** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. (the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff David Gena is an adult individual residing in Detew, NY.

5. Defendant Mercantile Adjustment Bureau, LLC ("Mercantile") is a business entity which regularly conducts business in the Eastern District of Pennsylvania and with a principal office located at 165 Lawrence Bell Drive, Suite 100, Williamsville, NY 14221. The

principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt relating to a furniture loan (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. In or around September 2014, Defendant initially contacted Plaintiff's home telephone number to coerce payment of the debt, with the intent to annoy, abuse or harass such persons contacted. Each and every time Defendant called and Plaintiff spoke with him, Plaintiff told Defendant's representatives that they had reached the wrong person, that they were calling David Gena, not "Dawn Valenti," allegedly the true debtor.

9. Notwithstanding the above, in or around September 2014, Defendant contacted Plaintiff on Plaintiff's telephone several times in an attempt to collect the debt with the intent to annoy, abuse, and harass Plaintiff.

10. Notwithstanding the above, and continuing through September 2015, Defendant continues to contact Plaintiff's telephone at least once per month, to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

11. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and disclosing the debt to that person.

12. Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer on more than one occasion.

13. Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer, without the consumer's consent.

14. Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

15. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

16. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

17. Defendant acted in a false, deceptive, misleading and unfair manner when they used false representations and deceptive means to collect or attempt to collect a debt.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## COUNT I – VIOLATIONS OF THE FDCPA

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

25. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e(2)(A), 1692e(10) and 1692f as evidenced by the following conduct:

   (a)   Disclosing the debt to persons other than the consumer;

   (b)   Communicating with persons other than the consumer on more than one occasion;

   (c)   Communicating with persons other than the consumer without the consumer's consent;

   (d)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt;

   (e)   Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

   (f)   Falsely representing the amount, character or legal status of the debt; and

  (g)  Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt;

  26. Defendant's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

  27. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## **PRAYER FOR RELIEF**

  **WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

  (a)  Actual damages;

  (b)  Statutory damages;

  (c)  Costs and reasonable attorney's fees; and

  (d)  Such other and further relief as may be just and proper.

            Respectfully Submitted,

            **FRANCIS & MAILMAN, P.C.**

      BY: */s/ Mark D. Mailman*
         MARK D. MAILMAN, ESQUIRE
         ERIN A. NOVAK, ESQUIRE
         Land Title Building, 19th Floor
         100 South Broad Street
         Philadelphia, PA 19110
         (215) 735-8600

         *Attorneys for Plaintiff*

DATE: September 30, 2015